UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| ALICE STARR,<br>Executor of the Estate of<br>THOMAS JACKSON BOWLING,<br><br>      Plaintiff,<br><br>v.<br><br>THE CLEVELAND-CLIFFS IRON<br>COMPANY,<br>an Ohio Corporation,<br><br>and<br><br>ON MARINE SERVICES COMPANY,<br>LLC,<br>individually and as successor in interest to<br>COLUMBIA TRANSPORTATION<br>COMPANY, A DIVISION OF<br>OGLEBAY NORTON COMPANY,<br>an Ohio Corporation,<br><br>      Defendants. | Case No.: 1:19-cv-00106<br><br>Admiralty<br><br>Jury Trial Demanded |

## COMPLAINT

COMES NOW, through undersigned counsel, the Plaintiff, Alice Starr, Executor of the Estate of Thomas Jackson Bowling, Deceased, complaining against the above-captioned Defendants as follows:

### JURISDICTION AND PARTIES

1. Plaintiff, Alice Starr ("Plaintiff"), is the duly appointed Executor of the Estate of Thomas Jackson Bowling, and resident of Elkview, Kanawha County, West Virginia. Plaintiff brings this action on behalf of the Estate of the decedent.

2. Decedent, Thomas Jackson Bowling, died in the State of Ohio on January 17, 2017. At the time of his death, decedent was an adult citizen and resident of Elkview, Kanawha County, West Virginia.

3. Defendant The Cleveland-Cliffs Iron Company ("Cleveland-Cliffs"), at all relevant times, was authorized and did transact business in this Division, District, and the State of Ohio for the purpose of accumulating monetary profit, and may be served at its principal place of business and its Resident Agent located at 200 Public Square, Suite 3300, Cleveland, Ohio 44114. Cleveland-Cliffs was the Jones Act employer of Thomas Jackson Bowling.

4. Defendant ON Marine Services, Company, LLC, individually and as successor in interest to Columbia Transportation Company, a division of Oglebay Norton Company ("Oglebay Norton"), at all relevant times was authorized and did transact business in this Division, District, and the State of Ohio for the purpose of accumulating monetary profit, and may be served at its principal place of business located at 1100 Superior Avenue, 20th Floor, Cleveland, Ohio 44114-2598 or its Resident Agent, National Registered Agents, Inc., 4400 Easton Commons Way, Ste. 125, Columbus, Ohio 43219. Oglebay Norton was the Jones Act employer of Thomas Jackson Bowling.

5. Original jurisdiction over the subject matter of this Complaint exists based upon Article III, Section 2 of the Constitution of the United States, as this case arises under an Act of Congress properly termed the Jones Act, 46 U.S.C. § 30104, *et seq.,* as well as actions for unseaworthiness under the General Admiralty and Maritime Law wherein Thomas Jackson Bowling, at all times relevant, was a merchant mariner who served his employers aboard ships owned and/or operated by the said Defendants, which vessels utilized and carried asbestos and

asbestos-containing products and other hazardous products to which Thomas Jackson Bowling was exposed to the detriment of his health.

6. The Jones Act and General Admiralty and Maritime Law, provide the law governing this cause of action to the exclusion of state substantive law relating to personal injury. Among other reasons, the U.S. District Court for the Northern District of Ohio, Cleveland Division, is a proper venue pursuant to Title 28, United States Code, §1391 because Defendants are shipowners who regularly conducted substantial business activity within the State of Ohio aboard various merchant vessels; Thomas Jackson Bowling's exposure to asbestos, which led to his illness forming the basis of this Complaint, occurred aboard the Defendants' vessels in the State of Ohio, including in Cuyahoga County.

## GENERAL ALLEGATIONS

7. Plaintiff brings the instant claims on behalf of the Estate of Thomas Jackson Bowling as a survival action pursuant to the Jones Act and general admiralty and maritime law.

8. Thomas Jackson Bowling passed away on January 17, 2017. Subsequently, on or about March 1, 2017, Thomas Jackson Bowling was diagnosed post-mortem with asbestos-related cancer via autopsy.

9. Thomas Jackson Bowling developed this cancer as a result of exposure to asbestos products while employed aboard the Defendants' vessels.

10. During the years 1971 through 1974, Thomas Jackson Bowling was employed by Defendants, which sailed in and out of ports in the State of Ohio and Cuyahoga County and that while in port, while sailing in and out of those ports and while sailing on voyages in and out of those ports, Thomas Jackson Bowling was exposed to asbestos leading to his development of cancer.

11. Plaintiffs bring this action against Defendants, the shipowners upon whose vessels Thomas Jackson Bowling sailed during his sailing career as a merchant mariner specified in his Vessel Service History which is attached to this Complaint (**Exhibit A**) and incorporated herein as if fully set forth herein.

12. During Thomas Jackson Bowling's sea service career, he worked aboard vessels owned and/or operated by the Defendants, which sailed in Ohio waters and called on Ohio ports on numerous occasions while Thomas Jackson Bowling served aboard. While aboard these vessels in the port and in Ohio waters, he was repeatedly exposed to asbestos. Such vessels included, but were not limited to, the *Wm. G. Mather* and the *S.S. Pontiac* owned and/or operated by Cleveland-Cliffs, the *M/V Joseph H. Frantz* and the *Reberra* owned and/or operated by Oglebay Norton.

13. Thomas Jackson Bowling boarded the *Wm. G. Mather* in Cleveland, Ohio on March 27, 1973 and was discharged in Cleveland, Ohio on May 7, 1973. During this voyage, Thomas Jackson Bowling was employed by Cleveland-Cliffs, and he had significant exposure to asbestos while aboard the *Wm. G. Mather* in Ohio waters, while at Ohio ports, which was a substantial factor in bringing about his injury.

14. Thomas Jackson Bowling boarded the *S.S. Pontiac* in Cleveland, Ohio on August 13, 1974 and was discharged in Cleveland, Ohio on September 4, 1974. During this voyage, Thomas Jackson Bowling was employed by Cleveland-Cliffs, and he had significant exposure to asbestos while aboard the *S.S. Pontiac* in Ohio waters, while at Ohio ports, which was a substantial factor in bringing about his injury.

15. Thomas Jackson Bowling boarded the *M/V Joseph H. Frantz* in Cleveland, Ohio on September 26, 1974 and was discharged in Cleveland, Ohio on that same day. During this voyage, Thomas Jackson Bowling was employed by Oglebay Norton, and he had significant

exposure to asbestos while aboard the *M/V Joseph H. Frantz* in Ohio waters, while at Ohio ports, which was a substantial factor in bringing about his injury.

16. Thomas Jackson Bowling boarded the *Reberra* in Toledo, Ohio on October 5, 1974 and was discharged in Toledo, Ohio on November 11, 1974. During this voyage, Thomas Jackson Bowling was employed by Oglebay Norton, and he had significant exposure to asbestos while aboard the *Reberra* in Ohio waters, while at Ohio ports, which was a substantial factor in bringing about his injury.

17. Throughout the entirety of his sea service career, Thomas Jackson Bowling was required by his employers to perform duties which included the constant exposure to asbestos friable fibers causing him to breathe into his system carcinogenic asbestos dust resulting in harm to Thomas Jackson Bowling, including lung cancer. This harmful exposure occurred constantly and while in many waters and ports-of-call.

18. Venue, no matter where laid, is inconvenient to the numerous scattered parties herein, along with multiple witnesses thereto.

19. The asbestos and asbestos-containing products found aboard the vessels upon which Thomas Jackson Bowling sailed are known to be highly toxic to mankind, and the human body can be contaminated by asbestos and asbestos-containing products through inhalation and ingestion.

20. Defendants knew, had reason to know or should have known, of the dangers associated with exposure to asbestos and asbestos-containing products in the workplace.

21. Thomas Jackson Bowling was exposed to dangerous and unlawful concentrations of asbestos in the ambient air, in potable water and food furnished by his employer due to his assigned work and/or in close proximity to said asbestos and asbestos-containing products.

22. Defendants knew, had reason to know or should have known that harmful contact to Thomas Jackson Bowling would result from his exposure to asbestos present aboard the vessels upon which he served through the products that were produced and/or supplied to or brought aboard the vessels upon which he worked.

23. Harmful contamination with Thomas Jackson Bowling's person occurred due to the asbestos and asbestos-containing products found and/or utilized aboard the vessels upon which he sailed, and Thomas Jackson Bowling was in fact injured as a result of his continued exposure to said products during the course of his career as a mariner.

24. Defendants breached their duty to Thomas Jackson Bowling in the following particulars, including but not limited to:

 (a) Failed to adequately warn Thomas Jackson Bowling of the dangerous characteristics of asbestos and asbestos-containing products;

 (b) Failed to provide Thomas Jackson Bowling with the information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, to protect Thomas Jackson Bowling from being harmed and disabled by exposure to asbestos and asbestos-containing materials;

 (c) Failed to provide a reasonably safe workplace;

 (d) Failed to place adequate warnings on said asbestos and asbestos-containing materials, to warn of the health hazards associated with coming in contact with said products;

(e) Failed to exercise reasonable care to publish, adopt and enforce safety plans and/or a safe method of handling and installing asbestos and asbestos-containing materials;

(f) Failed to adopt and utilize a substitute material to eliminate asbestos fibers in the products produced and/or utilized aboard the aforestated vessels;

(g) Failed to warn of the scientifically recognized synergism between exposure to asbestos in conjunction with smoking and other agents;

(h) In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial;

(i) Failed to act in a reasonable and prudent manner.

25. As a direct and proximate result of Defendants' aforementioned tortious acts, Thomas Jackson Bowling sustained serious, incurable and progressive asbestos-related disease. Thomas Jackson Bowling contracted an asbestos-related disease, lung cancer, and suffered other bodily injuries including: great pain of mind and body, shock, disgrace, outrage, humiliation, indignity, disability, loss of the joys, pleasures and vitalities of life, and exacerbation of existing disease.

26. Thomas Jackson Bowling experienced severe mental anguish, great pain and/or progressive shortness of breath.

27. As a result of Thomas Jackson Bowling's asbestos-related condition, he suffered great pain of mind and body.

28. Thomas Jackson Bowling incurred medical bills and other expenses.

29. Thomas Jackson Bowling sustained wage losses in an indeterminate amount, which amount will be demonstrated at trial.

## COUNT I – JONES ACT

30. Plaintiff hereby re-alleges and incorporates herein by reference all of the previous allegations set forth above, as though fully set forth herein, and further state as against Defendants, that:

31. As a direct approximate result of Defendants' negligence under the Jones Act, 46 U.S.C. § 30104, Thomas Jackson Bowling suffered from an asbestos-related cancer, along with the sequelae thereof.

32. The Defendants were negligent in that they:

   (a) Failed to adequately warn Thomas Jackson Bowling of the dangerous characteristics of asbestos and asbestos-containing products;

   (b) Failed to provide Thomas Jackson Bowling with the information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, to protect Thomas Jackson Bowling from being harmed and disabled by exposure to asbestos and asbestos-containing materials;

   (c) Failed to provide a reasonably safe workplace;

   (d) Failed to place adequate warnings on said asbestos and asbestos-containing materials, to warn of the health hazards associated with coming in contact with said products;

   (e) Failed to exercise reasonable care to publish, adopt and enforce safety plans and/or a safe method of handling and installing asbestos and asbestos-containing materials;

(f) Failed to adopt and utilize a substitute material to eliminate asbestos fibers in the products produced and/or utilized aboard the aforestated vessels;

(g) Failed to warn of the scientifically recognized synergism between exposure to asbestos in conjunction with smoking and other agents;

(h) In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial;

(i) Failed to act in a reasonable and prudent manner.

33. As a direct and proximate result of the acts and omissions aforestated by Defendants, Thomas Jackson Bowling sustained injuries as an indivisible, cumulative cause of each of the stated Defendants as contemplated in *American Fire & Casualty Company v. Flynn*, 341 U.S. 6, 71 S. Ct. 534 (1951). Plaintiff seeks damages as below stated, *inter alia*:

(a) Conscious pain and suffering, past and future;

(b) Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

(c) Medical expenses and costs;

(d) Household services;

(e) Loss of pleasure, including social and recreational amenities, past and future;

(f) Death by wrongful acts;

(g) Loss of support, costs of estate planning, and funeral expenses; and

(h) Any and all other elements of damages cognizable in law or which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants in an amount exceeding the threshold jurisdictional requirement to be more particularly calculated and adjusted upwards during the pendency of this cause, and Plaintiff further seeks interest and costs to be taxed in accordance with law and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

## COUNT II – UNSEAWORTHINESS UNDER GENERAL ADMIRALTY AND MARITIME LAW

34. Plaintiff hereby re-alleges and incorporates herein by reference all of the previous allegations set forth above, as though fully set forth herein, and further state as against Defendants, that:

35. As a direct and proximate result of the negligence of the unseaworthiness of the vessels, Thomas Jackson Bowling suffered from lung cancer along with the sequelae thereof.

36. The vessels owned and/or operated by Defendants were unseaworthy under the General Admiralty and Maritime Law in that their vessels presented an unreasonably unsafe working environment, whereby Defendants substantially breached the implied warranty of providing a reasonably safe vessel and working conditions, which was to be reasonably fit for the purpose for which it was intended.

37. The vessels were unseaworthy in part due to their lack of necessary equipment to perform tasks in safety; their lack of a warning of the dangerous characteristics of asbestos and asbestos-containing products; their lack of a published, adopted and enforced safety plan for a safe or more safe method of handling, installing, maintaining and working with or near asbestos and asbestos-containing materials; the lack of a safe workplace; the lack of adequate training and supervision in the use of a carcinogen known as asbestos and the lack of adequate ventilation and personal protective measures to reduce the risk of injury to the crew.

38. Defendants knew for decades of the hazards of asbestos and asbestos-containing products, or in the exercise of reasonable care, should have known of these hazards. Notwithstanding this knowledge, Defendants failed to provide necessary equipment to perform tasks safely; failed to provide adequate training in the use of asbestos and further failed to provide personal protective measures and devices in a willful and conscious disregard for the safety of Thomas Jackson Bowling, and others, causing Thomas Jackson Bowling's exposure to asbestos and resulting cancer thereby entitling him to an award of exemplary damages according to proof.

39. As a direct and proximate result of the acts and omissions aforestated by each of the defending parties herein, Thomas Jackson Bowling sustained injuries as an indivisible cumulative cause of each of the stated Defendants as contemplated in *American Fire & Casualty Company v. Flynn*, 341 U.S. 6, 71 S. Ct. 534 (1951). Plaintiff seeks damages as below stated, *inter alia*:

  (a) Conscious pain and suffering, past and future;

  (b) Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

  (c) Medical expenses and costs;

  (d) Household services;

  (e) Loss of pleasure, including social and recreational amenities, past and future;

  (f) Death by wrongful acts;

  (g) Loss of support, costs of estate planning, and funeral expenses; and

    (h)    Any and all other elements of damages cognizable in law or which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants in an amount exceeding the threshold jurisdictional requirement to be more particularly calculated and adjusted upwards during the pendency of this cause, and Plaintiff further seeks interest and costs to be taxed in accordance with law and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury.

Dated: January 15, 2019

        Respectfully submitted,

        **MOTLEY RICE LLC**

        /s/ John D. Hurst
        John D. Hurst, Esq.
        MOTLEY RICE LLC 26501
        50 Clay St., Suite 1
        Morgantown, WV 26501
        Phone: (304) 413-0456
        Fax: (304) 413-0458
        jhurst@motleyrice.com

        **ATTORNEY-IN-CHARGE FOR PLAINTIFF ALICE STARR, EXECUTOR OF THE ESTATE OF THOMAS JACKSON BOWLING**